UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KIM BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-00499 |
| | ) | Judge Sharp |
| SUMNER COUNTY BOARD OF | ) | |
| EDUCATION and BENNY BILLS, | ) | |
| individually and in his official capacity | ) | |
| as Director of Sumner County Schools, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After the Court granted Defendants' unopposed Motion for Summary Judgment, Defendants filed a Motion for Attorney Fees (Docket No. 40) pursuant to 42 U.S.C. § 1988, arguing that such fees are warranted because Plaintiff's Complaint was untimely, and her claims were frivolous. Defendants' Motion will be denied.

With regard to the award of attorneys' fees to a prevailing defendant under Section 1988, the Sixth Circuit has stated:

> Pursuant to 42 U.S.C. § 1988, a district court "in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The Supreme Court has held that "while prevailing plaintiffs are entitled to attorneys fees under that statute in all but special circumstances, prevailing defendants are entitled to attorneys fees much less frequently." Smith v. Smythe–Cramer Co., 754 F.2d 180, 182 (6th Cir. 1985) (citing Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 417–18, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)), cert. denied, 473 U.S. 906, 105 S.Ct. 3530, 87 L.Ed.2d 654 (1985). "[A] prevailing defendant should only recover upon a finding by the district court that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Wayne v. Village of Sebring, 36 F.3d 517, 530 (6th Cir.1994) (internal quotation omitted), cert. denied, 514 U.S. 1127, 115 S.Ct. 2000, 131 L.Ed.2d 1001 (1995).

1

Wolfe v. Perry, 412 F.3d 707, 720 (6th Cir. 2005) (footnote omitted). "[B]ecause '[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction,' "it 'must be limited to truly egregious cases of misconduct.'" Jones v. Continental Corp., 789 F.2d 1225, 1232 (6th Cir.1986).

This is not a case involving egregious misconduct, nor is it a case that was frivolous, unreasonable, or without foundation.

With regard to the statute of limitations issue, Defendants' Motion for Summary Judgment relied exclusively upon a Certified Mail Receipt which purported to show that Plaintiff received her notice of non-renewal letter on May 15, 2009, and, as a consequence, her May 22, 2010 Complaint was filed four days late. Given that the Motion for Summary Judgment was unopposed, the Court relied upon the Certified Mail Receipt as the starting point for the one year limitations period. Now, in response to the request for attorney's fees, however, Plaintiff has submitted the actual letter which indicates that it was dated May 15, 2009, calling into question whether it was received on the same date that it was written (Docket No. 47-3), particularly since Plaintiff testified in her deposition that she had to go to the post office to retrieve the letter. (Docket No. 47-2 at 4). Regardless, Plaintiff's former counsel, Andy Allman,[1] has indicated that at the time suit was filed, he was led to believe that Plaintiff was terminated on May 22, 2009, and it was not unreasonable for Plaintiff to assume that this was the proper date to provide her counsel since the May 15, 2009 letter of non-renewal itself informed Plaintiff that "[y]our termination date is May 22, 2009." (Docket No. 47-3).

As for the substance of Plaintiff's claims, it suffices to note that Plaintiff had an arguable

---

[1] Counsel was granted leave to withdraw while the Motion for Summary Judgment was pending because he had been unable to contact his client. (Docket No. 37). Nevertheless, the Court provided counsel with an opportunity to respond to the Motion for Attorney's fees, and he has done so. (Docket No. 57).

2

basis for bringing her First and Fourteenth Amendment claims, as well as her claim for wrongful termination under state law. The Supreme Court has instructed that in reviewing a request for attorney's fees by a prevailing defendant "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421–22, 98 S.Ct. 694. It would only be through *post hoc* reasoning that the Court could possibly conclude that Plaintiff's claims in this case were frivolous, unreasonable, or without foundation.

Accordingly, Defendants' Motion for Attorney Fees (Docket No. 40) is hereby DENIED. The Clerk of the Court is instructed to mail a copy of this Order to attorney Andy Allman.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE